# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

KENNY SHEPPARD,

               Petitioner,          :    Case No. 1:13-cv-814

    - vs -                             District Judge Timothy S. Black
                                      Magistrate Judge Michael R. Merz

WARDEN, Warren  Correctional Institution,
                                  :
               Respondent.

---

# REPORT AND RECOMMENDATIONS

---

This is a habeas corpus case brought pursuant to 28 U.S.C. § 2254.  The Petition was filed November 7, 2013 (Doc. No. 1).  On Magistrate Judge Litkovitz's Order (Doc. No. 13), Respondent has filed a Return of Writ (Doc. No. 17) and Petitioner has filed a Traverse (Reply)(Doc. No. 21).  The case is thus ripe for decision on the merits.

The Petition pleads the following grounds for relief:

> **GROUND ONE:** A defendant's right to a fair trial guaranteed by the Fourteenth Amendment is denied when reference to other bad acts/wrong is made during trial.
>
> Defendant's wife was permitted to testify about defendant's going back and forth to jail. This testimony served to prejudice defendant, thus causing his trial to be unfair.
>
> **GROUND TWO:** A defendant is denied Due Process and a fair trial when the prosecutor engages in irreparable misconduct.
>
> The prosecutor misstated evidence to give the jury the false impression that defendant was insulting the alleged victim. This is patently in contravention of guaranteed constitutional rights.

1

**GROUND THREE**: The application of the Adam Walsh Act to defendant is unconstitutional.

**GROUND FOUR:** A trial court denies a fundamental aspect of due process when it gives erroneous jury instructions.

A trial court denies a fundamental aspect of Due Process when it gave jury instructions on "subtle force" as constituting "force" as defined in the elements or rape O.R.C. 2907.02 (A)(2). The indictment leading to trial alleged physical restraint as the trigger for (A)(2) force under O.R.C. 2907.02. Had physical restraint not been alleged in the indictment process, the most appropriate charge would have been Sexual Battery or Unlawful Sexual Conduct which are both significantly less serious felonies with preferences for concurrent sentencing—which would have resulted in an entirely more favorable outcome for the defendant. Sexual Battery has a "subtle" psychological force component integrated within its language and intent and it was improper for the prosecution to substitute in "subtle" force in a rape charge, after trial began, as a drop-in replacement for the physical restraint alleged in the indictment.

**GROUND FIVE:** A trial court impairs a defendant's fundamental Due Process rights when it denies defendant's motion to dismiss indictment due to non-specific dates for the alleged offenses and by denying defendant's motion to sever counts.

**GROUND SIX:** It is unconstitutional for a trial court to allow a violation of spousal privilege which is in essence a violation of the guarantee against self-incrimination.

The Bible declares a marital union as two people becoming one. Therefore, to allow spousal privilege to be breached, as it was in this case, is to allow forced self-incrimination.

.

**GROUND SEVEN:** The evidence was insufficient in this case and the verdict was against the manifest weight of the evidence.

A defendant is denied Due Process with the testimony adduced at trial is insufficient to prove sexual conduct, and not just sexual contact occurred. Neither physical restraint nor "subtle" psychological force can be sustained when trial testimony establishes the alleged victim was able to stop the alleged

perpetrator to go away depending on the type of clothing worn. A trial court denies a fundamental aspect of Due Process when it allow a guilty verdict using "subtle force" as constituting "force" as defined in the elements of rape O.R.C. 2907.02 (A)(2). The indictment leading to trial alleged physical restraint as the trigger for (A)(2) force under O.R.C. 2907.02. Had physical restraint not been alleged in the indictment process, the most appropriate charge would have been Sexual Battery or Unlawful Sexual Conduct which are both significantly less serious felonies with preferences for concurrent sentencing -- which would have resulted in an entirely more favorable outcome for the defendant. Sexual Battery has a "subtle" psychological force component integrated within its language and intent and it was improper for the prosecution to substitute in "subtle" force in a rape charge, after trial began, as a drop-in replacement for the physical restraint alleged in the indictment.

**GROUND EIGHT:** Defendants sentence violated the cruel and unusual punishment provision of the Eighth Amendment.

Defendant was sentenced to 40 years even thought[sic] not one iota of physical evidence was presented to justify such a sentence. Myriad defendants who have left their victims maimed and stuck with severe psychological problems have not received as much time as has this defendant in light of the allegations. The sentence is certainly cruel and unusual.

**GROUND NINE:** A defendant is denied Due Process and his right to be free of discriminatory prosecutions when a member of his jury pool is removed on the basis of race as proscribed in *Batson*.

(Petition, Doc. No.1, PageID 33-34.)

**Procedural History**

Sheppard was indicted by the Hamilton County Grand Jury on five counts of rape. The bill of particulars alleged he had begun in July 2009 having sexual intercourse on a regular basis with his thirteen-year-old stepdaughter at least once a month, culminating in an act witnessed by

his wife in November 2009.  The trial court submitted Count 1 to the jury on the lesser included offense of gross sexual imposition, along with the other four counts of rape.  The jury convicted on all the charges submitted to it and the trial court sentenced Sheppard to an aggregate of forty years imprisonment and classified him as a Tier III sex offender.

Sheppard appealed to the First District Court of Appeals raising nine assignments of error, but the court of appeals affirmed.  *State v. Sheppard*, Case No. C-110345 (1st Dist. July 25, 2012)(unreported, copy at Return of Writ, Doc. No. 17-1, PageID 210-14).  The Ohio Supreme Court declined to exercise jurisdiction over a further appeal.  *State v. Sheppard*, Case No. 2012-1536 (Nov. 28, 2012)(Entry at Return of Writ, Doc. No. 17-1, PageID 225).  Sheppard filed an Application for Reopening under Ohio R. App. P. 26(B) raising claims of ineffective assistance of appellate counsel (State Court Record, at Return of Writ, Doc. No. 17-1, PageID 231, et seq.).  The First District denied that application on February 4, 2013.  *Id.*  at PageID 234, et seq.  Sheppard did not appeal to the Supreme Court of Ohio from this decision.  His next filing was the Petition in this case.

# Analysis

**Ground One:**          **Prior Bad Acts**

In his First Ground for Relief, Sheppard complains that his wife was permitted to testify "Mr. Sheppard kept going in to be incarcerated, so I moved on."  The Warden asserts this claim is procedurally defaulted.

The procedural default defense in habeas corpus is described by the Supreme Court as

follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000).  That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982).  Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.  *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(citation omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986);  *Engle*, 456 U.S. at 110;  *Wainwright*, 433 U.S. at 87. *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391 (1963). *Coleman*, 501 U.S. at 724.

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .

5

>Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
>Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
>Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).

Ohio's has a relevant procedural rule — that parties must preserve errors for appeal by calling them to the attention of the trial court at a time when the error could have been avoided or corrected, set forth in *State v. Glaros*, 170 Ohio St. 471 (1960), paragraph one of the syllabus; *see also State v. Mason*, 82 Ohio St. 3d 144, 162 (1998). The First District enforced that rule against Sheppard. *State v. Sheppard, supra,* at PageID 210.

The Ohio contemporaneous objection rule is an adequate and independent state ground of decision. *Wogenstahl v. Mitchell*, 668 F.3d 307, 334 (6th Cir. 2012),*citing Keith v. Mitchell*, 455 F.3d 662, 673 (6th Cir. 2006); *Goodwin v. Johnson*, 632 F.3d 301, 315 (6th Cir. 2011); *Smith v. Bradshaw*, 591 F.3d 517, 522 (6th Cir. 2010); *Nields v. Bradshaw*, 482 F.3d 442 (6th Cir. 2007); *Biros v. Bagley,* 422 F.3d 379, 387 (6th Cir. 2005); *Mason v. Mitchell*, 320 F.3d 604 (6th Cir. 2003), *citing Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000), *citing Engle v. Isaac,* 456 U.S. 107, 124-29 (1982). *See also Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000); *Goodwin v. Johnson*, 632 F.3d 301, 315 (6th Cir. 2011); *Smith v. Bradshaw*, 591 F.3d 517, 522 (6th Cir.), *cert. denied*, 131 S. Ct. 185 (2010).

Sheppard claims he can show cause for the procedural default in that the cashier at Warren Correctional did not send his documentation out in a timely manner, but that is not the procedural default which is being held against him. Rather, it is that his attorney did not object to the testimony.

The First Ground for Relief is therefore procedurally defaulted and should be dismissed with prejudice.

**Ground Two: Prosecutorial Misconduct**

Sheppard claims he was denied a fair trial because the prosecutor gave the jury the erroneous impression that Sheppard was insulting the victim.

In his final argument to the jury, the prosecutor said Sheppard had written letters after he was incarcerated for these offenses but before trial in which he called the victim a "whore" and a "liar." In fact the prosecutor did characterize what Sheppard had said about the victim by using each of those words twice in closing, at Trial Tr. PageID 561 and 564.

The court of appeals found that this was not misconduct but proper argument, based on what Sheppard had written to his wife, Charlotte Baker, about the victim. Ms. Baker read the relevant letter during her testimony:

> I am not trying to fight my case, but there is some things you need to know because you think your little girl is just as innocent as a flower. Well, did she tell you I bust her with another guy in her room late night fucking? And did she tell you that she was having sex with Neese's (phonetic) son? I bet she did not tell you that, this. I am not trying to deny or whether I was on top of her—deny I was on top of her, but I also had on my boxers, and I never touched her before that day. So you can go around telling people a lie to make yourself look good, but the truth is the truth. I am just not around to defend myself. I can't help it if you have a daughter that

> wanted what you have. I can't help it if you have a fast-ass
> daughter, flat out.

(Trial Tr., Vol. 2, at Return of Writ, Doc. No. 17-3, PageID 354.)  In his Traverse, Sheppard merely argues that the prosecutor gave the jury "the false impression that defendant was insulting the alleged victim."  (Doc. No. 21).  In fact that is exactly what Petitioner did.  He accused the victim of lying and being sexually promiscuous.  The Magistrate Judge concurs with the court of appeals that the prosecutor's statements were fair argument.  Therefore the Second Ground for Relief should be dismissed with prejudice.

**Ground Three:  Unconstitutionality of Application of the Adam Walsh Act to Petitioner**

In his Third Ground for Relief, Sheppard claims applying the Ohio version of the Adam Walsh Act to him was unconstitutional.

On direct appeal Sheppard's claims was related to his classification under the Ohio Act as a Tier III sex offender and asserted a separation of powers claim, to wit, that the Act is unconstitutional because it removes all discretion from the judicial branch.

As the Warden points out, this claim was argued in the state courts purely as a matter of the Ohio Constitution.  Federal habeas corpus is available only to remedy violations of the federal constitution.  28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. ___, 131 S. Ct. 13, 178 L. Ed. 2d 276 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983).   "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Faced with that argument in the Return of Writ, Sheppard makes no reference to the Third Ground for Relief at all in his Traverse. Even if he argued this claim as a federal claim, it would be without merit because the Supreme Court has never held that any particular form of separation of powers is imposed on the States by the Fourteenth Amendment.

Ground Three is without merit and should be dismissed with prejudice.

**Ground Four: Improper Jury Instruction on Force Element**

In his Fourth Ground for Relief, Sheppard complains of the trial judge's instruction to the jury on the element of force required to prove rape.

In order for habeas relief to be warranted on the basis of incorrect jury instructions, a petitioner must show more than that the instructions are undesirable, erroneous, or universally condemned; taken as a whole they must be so infirm that they rendered the entire trial fundamentally unfair. *Henderson v. Kibbe,* 431 U.S. 145 (1977). The only question for a habeas court to consider is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Estelle v. McGuire*, 502 U.S. 62 (1991), *quoting Cupp v. Naughten*, 414 U.S. 141 (1973). The category of infractions that violate fundamental fairness is very narrow. *Byrd v. Collins*, 209 F.3d 486 (6th Cir. 2000), *citing Dowling v. United States*, 493 U.S. 342, 352 (1990).

Sheppard raised this claim as his fourth assignment of error on appeal. The First District held there was no error in the instructions, relying on *State v. Eskridge*, 38 Ohio St. 3d 56 (1988). Sheppard argues in his Traverse that the State had not proved the factors required for the *Eskridge* instruction to be given, but the court of appeals held:

> The trial court instructed the jury, pursuant to *State v. Eskridge,* 38 Ohio St.3d 56, 526 N.E.2d 304 (1988), that a person in the role of a parent can exert force that is subtle and psychological and arises from the nature of the parent-child relationship. Both the victim and her mother testified that Sheppard had a parenting role, and that he was the only father the victim had known. The fact that her mother was the person who disciplined the child was not enough to demonstrate that Sheppard did not meet the requirements of the instruction. We overrule his fourth assignment of error.

*State v. Sheppard*, Case No. C-110345 (1st Dist. July 25, 2012)(Return of Writ, Doc. No. 17-1, at PageID 211.) This amounts to a determination that there was sufficient testimony to permit the jury to find the *Eskridge* factors were present and therefore to find the element of force. This Court is bound by the First District's determination of this question of Ohio law. Sheppard has not pointed to any United States Supreme Court precedent violated by this holding.

The Fourth Ground for Relief is therefore without merit and should be dismissed with prejudice.

**Ground Five:  Failure to Specify Dates of Offenses or Sever Counts**

In his Fifth Ground for Relief, Sheppard asserts he was denied due process when the trial court (1) refused to dismiss the indictment when it did not specify precisely the dates when the offenses allegedly happened and (2) refused to sever the five counts for separate trials.

The Grand Jury Clause of the Fifth Amendment is not applicable to the States. *Hurtado v. California*, 110 U.S. 516 (1884); *Branzburg v. Hayes,* 408 U.S. 665, 687-88 n. 25 (1972); *Gerstein v. Pugh,* 420 U.S. 103 (1975); *Williams v. Haviland*, 467 F.3d 527 (6th Cir. 2006)(*Apprendi* does not change this result).

*Russell v. United States*, 369 U.S. 749 (1962), holds the sufficiency of an indictment is to

be measured by the following criteria:

> These criteria are, first, whether the indictment "contains the elements of the offense intended to be charged, 'and sufficiently apprises the defendant of what he must be prepared to meet,'" and, secondly, "'in case any other proceedings are taken against him for a similar offense whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.'"

369 U.S. at 763-64.  While the right to grand jury indictment has not been extended to the States, these criteria are applicable as a matter of due process.  *Valentine v. Konteh*, 395 F.3d 626, 631 (6th Cir. 2005), *citing*  *De Vonish v. Keane,* 19 F.3d 107, 108 (2nd  Cir. 1994); *Fawcett v. Bablitch*, 962 F.2d 617, 618 (7th  Cir. 1992); *see also Isaac v. Grider*, 211 F.3d 1269 (6th  Cir. 2000); *Parks v. Hargett,* 1999 U.S. App. LEXIS 5133, 1999 WL 157431, at *3 (10th Cir. 1999).

The First District considered this claim in deciding Sheppard's Fifth Assignment of Error.  It wrote:

> In his fifth assignment of error, Sheppard claims that the trial court improperly failed to dismiss the indictment because the dates of the offenses were not specific enough. As to each count, the indictment indicated the month and year of the offense. It is well accepted that, due to the nature of crimes against children, precision in the dates of offenses is not always possible. *See State v. Lukacs,* 188 Ohio App.3d 597, 2010-0hio-2364, 936 N.E.2d 506, 'II 42 (1st  Dist.). Sheppard claims that a child of 13 should have been expected to give more exact dates, but cites no authority for that proposition. The state, however, has noted authority that allows imprecision in indictments involving children who were fourteen. See *State v. Preston,* 4th Dist. No. 10CA4, 2011-0hio-1645; *State v. Robinette,* 5th Dist. No. CA-652, 1987 Ohio App. LEXIS 5996 (Feb. 27, 1987). We agree with the state, and conclude that the reference to offense dates by month and year was sufficient to allow the indictment to stand.

*State v. Sheppard*, Case No. C-110345 (1st Dist. July 25, 2012)(Return of Writ, Doc. No. 17-1, at PageID 211-12.)

The test for constitutional sufficiency of notice is not whether a minor of thirteen should

be able to be more precise with dates, but whether the notice given was sufficient to permit a defendant to present a defense in the present case and mount at Double Jeopardy response if charged with the same conduct in another case.  As the Return of Writ points out, not only was Sheppard given notice of the five months in which the offenses each occurred (and an exact date for the last offense), he was also given the location and the identity of the alleged victim.  He never filed a notice of alibi so as to be prepared to offer dates when he was not at the same location as the victim.

As to the refusal to sever the counts of the indictment, the First District found that these were offenses which occurred as part of a single "course of conduct over a relatively short period of time."  *Id*. at PageID 212.  Ohio law favors the joinder of claims for trial and Sheppard has cited no Supreme Court authority holding such a preference is unconstitutional in general or as applied to him in this case.  Indeed, he makes no argument at all on this Ground for Relief.

Ground Five is therefore without merit and should be dismissed with prejudice.

**Ground Six:  Violation of Privilege Against Self-Incrimination**

In his Sixth Ground for Relief, Sheppard claims that permitting his wife to testify against him violated his privilege against self-incrimination because the Bible provides that marriage makes the partners one.

As the Warden notes, Sheppard has procedurally defaulted on this claim by presenting it to the state courts solely as an issue of state evidence law (Return of Writ, Doc. No. 17, PageID 85).  Sheppard offers no rebuttal.

To preserve a federal constitutional claim for presentation in habeas corpus, the claim

must be "fairly presented" to the state courts in a way which provides them with an opportunity to remedy the asserted constitutional violation, including presenting both the legal and factual basis of the claim. *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995); *Riggins v. McMackin,* 935 F.2d 790, 792 (6th Cir. 1991). The claim must be fairly presented at every stage of the state appellate process. *Wagner v. Smith,* 581 F.3d 410, 418 (6th Cir. 2009).

If a petitioner's claims in federal habeas rest on different theories than those presented to the state courts, they are procedurally defaulted. *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Lorraine v. Coyle,* 291 F.3d 416, 425 (6th Cir. 2002), *citing Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *Lott v. Coyle*, 261 F.3d 594, 607, 619 (6th Cir. 2001)("relatedness" of a claim will not save it).

Even if the claim were not procedurally defaulted, it is entirely without merit. No United States Supreme Court decision known to the Magistrate Judge has ever held that the biblical (and common law) notion that marriage partners are one person has any application to the Fifth Amendment privilege against self-incrimination.

Ground Six should be dismissed with prejudice.

**Ground Seven:   Manifest Weight and Insufficiency of the Evidence**

In his Seventh Ground for Relief, Sheppard asserts his conviction is based on insufficient evidence and is against the manifest weight of the evidence.

**Manifest Weight**

Respondent argues that the manifest weight portion of this claim does not state a federal constitutional violation and Petitioner makes no response in his Traverse.

In *State v. Thompkins,* 78 Ohio St. 3d 380 (1997)*,* the Ohio Supreme Court reaffirmed the important distinction between appellate review for insufficiency of the evidence and review on the claim that the conviction is against the  manifest weight of the evidence.    It held:

> In essence, sufficiency is a test of adequacy.  Whether the evidence is legally sufficient to sustain a verdict is a question of law. *State v. Robinson* (1955), 162 Ohio St. 486, 55 O.O. 388, 124 N.E.2d 148. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process.   *Tibbs v. Florida* (1982), 457 U.S. 31, 45, 102, 387 S.Ct. 2211, 2220, 72 L.Ed.2d 652, 663, *citing Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560.
>
> Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence.  *Robinson, supra*, 162 Ohio St. at 487, 55 O.O. at 388-389, 124 N.E.2d at 149.  Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other.  It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the *greater amount of credible evidence* sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its *effect in inducing belief*."  (Emphasis added.) Black's, *supra*, at 1594.
>
> When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a " 'thirteenth juror' " and disagrees with the factfinder's resolution of the conflicting testimony.  *Tibbs*, 457 U.S. at 42, 102 S.Ct. at 2218, 72 L.Ed.2d at 661.  See, also, *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717, 720-721 ("The court, reviewing the entire record,

14

> weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.  The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.").
> 78 Ohio St. 3d at 387.

Thompkins, 78 Ohio St. 3d at 386-7.  In *State v. Martin*, 20 Ohio App. 3d 172 (Hamilton Cty. 1983)(cited approvingly by the Supreme Court in *Thompkins*), Judge Robert Black contrasted the manifest weight of the evidence claim:

> In considering the claim that the conviction was against the manifest weight of the evidence, the test is much broader.  The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. . . .

*Martin,* 20 Ohio App. 3d 172, ¶3 of the syllabus.  The consequences of the distinction are important for a criminal defendant.  The State may retry a case reversed on the manifest weight of the evidence;  retrial of a conviction reversed for insufficiency of the evidence is barred by the Double Jeopardy Clause.  *Tibbs v. Florida*, 457 U.S. 31, 41 (1982).  Manifest weight claims therefore are not cognizable under the federal Constitution.  *Johnson v. Havener*, 534 F.2d 1232, 1234 (6th Cir. 1976); *see also Hill v. Sheldon*, No. 1:11-cv-2603, 2014 U.S. Dist. LEXIS 22001, 2014 WL 700024 at *15 (N.D. Ohio, Feb. 21, 2014)(stating the proposition that weight-of-the-evidence claims are not cognizable in federal habeas corpus is "well-settled"), *Boynton v. Sheets*, 2012 U.S. Dist. LEXIS 149229 (N.D. Ohio Oct. 17, 2012) (citing *Young v. Kemp*, 760 F.2d 1097, 1105 (11th Cir.1985)); *Walker v. Timmerman-Cooper*, 2006 U.S. Dist. LEXIS 83973, 2006 WL 3242101 (S.D. Ohio 2006)); *Maerlender v. Clipper*, 2012 U.S. Dist. LEXIS 152059 at

\*19-\*20 (N.D. Ohio 2012) ("Manifest weight claims are not cognizable on federal habeas review."), *adopted by* 2012 U.S. Dist. LEXIS 152064 (N.D. Ohio 2012).

Thus the Warden's position is well taken and the manifest weight portion of this claim should be dismissed.


**Insufficiency of the Evidence**


An allegation that a verdict was entered upon insufficient evidence states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia*, 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders*, 894 F.2d 792, 794 (6th Cir. 1990)(en banc). In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt.  *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . .  This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson*, 443 U.S. at 319; *United States v. Paige,* 470 F.3d 603, 608 (6th Cir. 2006); *United States v. Somerset*, 2007 U.S. Dist. LEXIS 76699 (S.D. Ohio 2007).  This rule was recognized in Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259 (1991).  Of course, it is state law which determines the elements of offenses; but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt.  *In re Winship, supra.*

In cases such as Petitioner's challenging the sufficiency of the evidence and filed after

16

enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), two levels of deference to state decisions are required:

> In an appeal from a denial of habeas relief, in which a petitioner challenges the constitutional sufficiency of the evidence used to convict him, we are thus bound by two layers of deference to groups who might view facts differently than we would. First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). In doing so, we do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury. See *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. See 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh,* 567 F.3d 191, 205 (6th Cir. 2009). In a sufficiency of the evidence habeas corpus case, deference should be given to the trier-of-fact's verdict under *Jackson v. Virginia* and then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008).

> We have made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury -- not the court -- to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith,* 565 U. S. 1, ___, 132 S. Ct. 2, 181 L. Ed. 2d 311, 313 (2011) (*per curiam*). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal

> court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Ibid.* (quoting *Renico v. Lett*, 559 U. S. ___, ___, 130 S. Ct. 1855, 176 L. Ed. 2d 678 (2010)).

*Coleman v. Johnson*, 566 U.S. ___, ___, 132 S. Ct. 2060, 2062, (2012)(*per curiam).*

Sheppard raised the insufficiency portion of this claim on direct appeal as his seventh assignment of error.  The First District decided the claim as follows:

> In his seventh assignment of error, Sheppard claims that his convictions were based upon insufficient evidence and were against the weight of the evidence. In a challenge to the sufficiency of the evidence, the question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the crime beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. In a challenge to the weight of the evidence, we must review the entire record, weigh the evidence, consider the credibility of the witnesses, and determine whether the trier of fact clearly lost its way and created a manifest miscarriage of justice. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). After a thorough review of the record, we find that the evidence against Sheppard was sufficient to support his convictions and that his convictions were not against the manifest weight of the evidence. Therefore, we overrule his seventh assignment of error.

*State v. Sheppard*, *supra*, PageID 213.

Because the First District did not explain what evidence it found sufficient on what elements, this Court must look at the seventh assignment of error as it was pled on direct appeal.  That argument was as follows:

> There was absolutely no evidence of physical injury to [D.M.][1] to corroborate her claim of sexual abuse by Kenny Sheppard. Dr. Robert Shapiro testified that the medical records indicated no signs of physical injury such as bruising, cuts, etc. He also testified [D.'s] gynecological examination was completely normal and indicated no signs of trauma to her sex organs. (T.p. 251-264) This

---

[1] The Court has substituted initials for the name of the victim in accordance with the policy in Fed. R. Civ. P. 5.2.

indicates there is no proof whatsoever to support [D.]'s claim that Sheppard had sexual relations with her.

**A. Counts l through 4**

There was absolutely no credible testimony or physical evidence to support Sheppard's conviction for GSI and rape in counts l through 4. There were no specific dates for the alleged offenses, no real facts nor physical evidence such as DNA, injury, blood, etc. presented by [D.] or her mother to support the frivolous allegations of [D.] that Mr. Sheppard raped her.

**B. Count 5**

The alleged rape of November 6, 2009, was based mostly on mother Charlotte Baker testifying she saw Sheppard moving under bedding covers with [D.] in his boxer shorts. (T.p. 101, 102, 103, 104) Moreover, there was no semen, DNA, or blood found in [D's] vagina to in any way link Sheppard to intercourse with her. [D.] claimed she was menstruating at the time of this alleged rape, but no blood was found on Sheppard's penis. There may have been Sheppard's DNA (semen) found on [D's] sheets, but no evidence intercourse took place there. (T.p. 172)  Semen or DNA could have been left by Sheppard due to masturbating or other contact with [D']s bed sheets other than sexual intercourse. There was no evidence of physical penetration of Sheppard's penis in [D.], as well as no evidence of physical trauma to her intact hymen (vagina). (T.p. 258-264) Moreover, there was no evidence of any violent physical force, emotional force, or intimidation by Sheppard against [D.M.]. (T.p. 169, 172, 180, 192, 195) Moreover, [D.] had reason to fabricate her allegations because she was mad at Mr. Sheppard.  (T.p. (T.p. 201)

(Appellant's Brief, State Court Record, Doc. No. 17-1, Ex. 13, PageID 180-81.)

In response, the State cited the following evidence:

Sheppard complains that the state did not present any evidence of physical injury or DNA on Counts I through 4, and no evidence of penetration or physical trauma on Count 5. This argument ignores the testimony of the victim herself, the corroboration provided by her mother and DNA testing, and Sheppard's own written confession through letters to [D's] mother.

On a claim of insufficiency, the evidence admitted at trial must be examined in the light most favorable to the prosecution to

determine whether it could have convinced any rational trier of fact that the essential elements of the crime had been proved beyond a reasonable doubt. *State v. Thompkins,* 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541. "Weight of the evidence concerns the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. * * * Weight is not a question of mathematics, but depends on its effect in inducing belief" Id. at 387. An appellate court shall reverse a case based upon weight of the evidence only in exceptional cases where the evidence weighs heavily against conviction. *State v. Martin*, 20 Ohio App.3d 172, 175,485 N.E.2d 717 (1983).

[D.] testified to a specific four-month time period after she had begun developing as a young woman. Sheppard started coming into her bedroom at night. Although she pretended to be asleep, this did nothing to stop him from carrying out his intentions. She gave a specific time frame, and testified about how he ventured further and further in the sexual acts he forced upon her. She described how he would lay on top of her with his full weight pressing down, preventing her escape. Fifteen at the time of trial, [D.] was able to describe Sheppard's conduct in detail, from removing articles of clothing and touching her breasts to separate instances of vaginal and oral sex. The jury heard that Sheppard's DNA was found on Destiny's bedsheets after the rape in Count 5, and that [D.] could not be excluded as a contributor of DNA found on Sheppard's penis after his arrest.

Charlotte Baker described a change in [D.'s] attitude towards Sheppard during the months in which the crimes occurred. She testified about finding Sheppard laying in bed on top of [D.], moving as if having sex, and moaning. When Sheppard realized she was watching, he jumped up - with disheveled boxers - and began apologizing. And finally, the jury heard the content of the letters Sheppard wrote from jail in which he stated repeatedly that he was sorry for what he had done to [D.] and asked Baker not to show up for court to testify against him.

This evidence was sufficient to withstand challenges to its weight and sufficiency, and the jury did not lose its way when it found Sheppard guilty on all charges.

(Appellee's Brief, State Court Record, Return of Writ, Doc. No. 17-1, PageID 202-03.)

Although the court of appeals decision is summary, it is still entitled to deference under

28 U.S.C. § 2254(d)(1).  *Harrington v. Richter*, 562 U.S. 86, ___, 131 S. Ct. 770, 792 (2011).

The State's Brief, with record references, shows that there was sufficient evidence on each of the elements on which Sheppard claimed lack of evidence on direct appeal.  His argument in his Traverse goes more to the question of whether the victim should have been believed or not, but so long as she testified to each of the elements of the crimes in question, her credibility was for the jury to decide.  And her credibility was in fact bolstered by both her mother's eyewitness testimony as to the last incident and the presence of her DNA on Sheppard's genitals when he was arrested.

The decision of the First District that there was sufficient evidence to convict is neither contrary to nor an unreasonable application of *Jackson v. Virginia*, 443 U.S. 307 (1979).  The Seventh Grounder for Relief should therefore be dismissed.

**Ground Eight:  Cruel and Unusual Punishment by Excessive Sentence**

Sheppard asserts in his Eighth Ground for Relief that his cumulative sentence of forty years imprisonment violates the prohibition on cruel and unusual punishment in the Eighth Amendment.  Sheppard argues that his sentence is disproportionate to those imposed on teachers or coaches found to have engaged in sex with a student where, he says, they are "more often than not charged with sexual battery and sentenced to less than 10 years."  (Traverse, Doc. No. 21, PageID 610.)

Sheppard does not dispute that he was sentenced within the statutory maximums set by Ohio statutes for his offenses of conviction.  A sentence within the statutory maximum does not constitution cruel and unusual punishment within the meaning of the Eighth Amendment.  *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000).  Sheppard cites no Supreme Court precedent to the

contrary.  His Eighth Ground for Relief should therefore be dismissed with prejudice.


**Ground Nine:  *Batson* Violation**


In his Ninth Ground for Relief, Sheppard asserts he was subjected to intentional racial discrimination when the prosecutor excused an African-American venireman.

*Batson v. Kentucky*, 476 U.S. 79 (1986), prohibits race-based peremptory challenges by a prosecutor.  A state criminal defendant can establish a *prima facie* case of purposeful racial discrimination in the selection of jurors solely by proof of peremptory challenges to exclude members of the defendant's race.  *Batson, supra*.  A trial court must use a three-step process to evaluate a *Batson* claim.  First, the opponent must make a *prima facie* showing that the proponent of the strike has exercised a peremptory challenge on the basis of race.  The burden then shifts to the proponent to articulate a race-neutral reason for the challenge.  Finally, the trial court must determine if the opponent has carried his burden of proving purposeful discrimination.  *Purkett v. Elem,* 514 U.S. 765 (1995); *Hernandez v. New York*, 500 U.S. 352 (1991).  To make a *prima facie* showing, a defendant must show that he is a member of a cognizable racial group, that a challenge has been exercised to remove a venireperson of the same race, and any additional facts and circumstances from which an inference could be drawn that the prosecutor had used the peremptory challenge in a race-based manner.  *Batson,* 476 U.S. at 79.  The defendant is entitled to rely on the fact that the peremptory challenge process is one in which those who are of a mind to discriminate on the basis of race are able to do so.  *Id*.  A trial judge's conclusion that the challenge was race-neutral must be upheld unless it is clearly erroneous.  *Hernandez*; *supra*; *United States v. Tucker*, 90 F.3d 1135, 1142 (6th  Cir. 1996);

*United States v. Peete*, 919 F.2d 1168, 1179 (6th Cir. 1990)    The fact that the evidence would have supported a challenge for cause is sufficient to demonstrate that it is race-neutral. *Batson*, 479 U.S. at 97.

Sheppard raised his Batson claim as his eighth assignment of error on direct appeal and the First District decided it as follows:

> In his final assignment of error, Sheppard claims that a juror was improperly excused by the state in violation of the rule espoused in *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). But, since the prosecutor had a race-neutral explanation that the trial court found not to be pretextual, we overrule Sheppard's final assignment of error.

*State v. Sheppard, supra,* Return of Writ, Doc. No. 17-1, , PageID 213.

It is undisputed that Sheppard is African-American and that the prosecutor, having failed to challenge two other African-Americans who did serve, peremptorily excused an African-American woman on the basis that her body mannerisms and posture, as observed by the investigating female detective, conveyed negative beliefs or feelings about law enforcement. Defense counsel conceded that this reason was facially race-neutral, but still argued it was not legitimate, because neither he nor Sheppard had observed any such physical reaction (Trial Tr. Vol. 1, Return of Writ, Doc. No. 17-3, PageID 398).  No evidence of pretext was cited, but merely that defense counsel and his client had not observed the behavior.  While the evidence is thin on both sides, the test is whether an objecting defendant has proved racial animus.  Given this state of the record, it cannot be said that the First District's conclusion on this point was an unreasonable determination of the facts based on the record or an objectively unreasonable application of *Batson*.  Ground Nine for Relief should therefore be dismissed with prejudice.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

November 14, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).